1
2
3
4
5          UNITED STATES DISTRICT COURT
6        SOUTHERN DISTRICT OF CALIFORNIA
7

| | |
|---|---|
| 8  RAYON JONES,<br>9  CDCR #G-35669,<br>10                        Plaintiff,<br>11  vs.<br>12  RAYMON MADDEN, et al.,<br>13                        Defendants.<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | Case No.:  3:22-cv-1244-RSH-BLM<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 18]**<br><br>**(2)  DIRECTING U.S. MARSHAL TO SERVE DEFENDANTS;**<br><br>**AND**<br><br>**(3)  SETTING BRIEFING SCHEDULE REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 9]** |

21      On August 4, 2022, Plaintiff, a prisoner currently incarcerated at Richard J. Donovan

22  Correctional Facility ("RJD") and proceeding *pro se*, filed a complaint pursuant to 42

23  U.S.C. § 1983 and a motion for a temporary restraining order ("TRO") in the U.S. District

24  Court for the Northern District of California. ECF Nos. 5, 9. The case was subsequently

25  transferred to this District Court on August 23, 2022. ECF No. 13. On September 19, 2022,

26  Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §

27  1915(a). ECF No. 18.

28      For the following reasons, the Court GRANTS Plaintiff's motion for IFP status and

directs the U.S. Marshal to serve Defendants. The Court also sets a briefing schedule regarding Plaintiff's TRO application.

## I.   MOTION TO PROCEED IFP

"Plaintiffs normally must pay $350[1] to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status." *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *see* 28 U.S.C. § 1915(a)(1) (authorizing commencement of suit without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). Plaintiff submitted an affidavit indicating he is incarcerated, is unemployed, and has no assets or recent income. ECF No. 18.

A prisoner who is granted IFP status, however, remains obligated to pay the entire fee in "installments," or "increments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to "submit a certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding

---

[1] In addition to the $350 statutory fee, civil litigants ordinarily must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(b); J. Conference Sched. of Fees, D. Ct. Misc. Fee Sched., § 14 (eff. Dec. 1, 2020). The additional administrative fee, however, does not apply to persons granted leave to proceed IFP. *Id.*

3:22-cv-01244-RSH-BLM

month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *see also Bruce*, 577 U.S. at 83-84.

In support of his IFP application, Plaintiff filed a copy of his inmate trust account statement, as well as a prison certificate signed by an RJD accounting official. *See* ECF No. 19. Plaintiff's average monthly balance was $979.60, and his average monthly deposits totaled $578.42 for the six months immediately preceding the filing of the Complaint. *Id.* at 1.

The Court therefore GRANTS Plaintiff's Motion to Proceed IFP, ECF No. 18, and assesses an initial partial filing fee of $195.92 pursuant to 28 U.S.C. § 1915(b)(1)(A). The Court directs the Secretary of the CDCR, or their designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (noting that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay [] due to the lack of funds available to him when payment is ordered."). The Court further directs the Secretary of the CDCR, or its designee, to collect the remaining balance of the filing fees required by 28 U.S.C. § 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.    INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2). The Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *Id.*; *See Lopez v. Smith*, 203 F.3d 1122, 1126-

27 (9th Cir. 2000) (en banc). Upon review, the Court finds that the Complaint survives the initial screening phase, without prejudice to any motion to dismiss that may be filed in the future by Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), ECF No. 18.

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons for Plaintiff's Complaint [ECF No. 5] and forward it to Plaintiff along with an "IFP Package" containing: a certified copy of Plaintiff's Complaint; a blank U.S. Marshal Form 285 for each remaining Defendant; a filed copy of this Order; and a cover letter with instructions. After receiving this "IFP Package," Plaintiff must complete the U.S. Marshal Form 285 for each Defendant as completely and accurately as possible, including an address where each Defendant may be served per CivLR 4.1(c); and return the completed forms to the U.S. Marshal according to the instructions the Clerk provides in the cover letter.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint [ECF No. 5] and summons upon Defendants as Plaintiff directs on the USM Form 285 and to file with the Clerk of Court an executed waiver of personal service on Defendants per Rule 4(d). Should Defendants fail to return the U.S. Marshal's request for waiver of personal service, the U.S.

4

Marshal shall instead file the completed USM Form 285 Process Receipt and Return as to Defendants with the Clerk of Court, including the date that the summons, Complaint, and request for waiver was mailed to Defendants, as well as noting that service remains unexecuted. The United States will advance all costs of the U.S. Marshal's service. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). However, if Defendants fail to sign and return the waiver without good cause, the Court will impose on Defendants any expenses later incurred in making personal service. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

6.   **ORDERS** Defendants, once served, to respond to Plaintiff's Complaint and any subsequent pleading Plaintiff files in this case naming Defendants as a party, within the time Federal Rules of Civil Procedure 12(a) and 15(a)(3) provide. See 42 U.S.C. § 1997e(g)(2) (requiring defendant to respond once a court has screened a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)).

7.   **ORDERS** Plaintiff to serve, pursuant to Federal Rule of Civil Procedure 5(b), on Defendants (or on Defendants' counsel, if represented) a copy of every further pleading, filing, or other document submitted for the Court's consideration. This obligation begins once the U.S. Marshal has served Defendants. Plaintiff must also include with every document he files with the Court, a Certificate of Service stating how and on what date a true and correct copy of that document was served on Defendants (or their counsel). See CivLR 5.2. The Court may disregard any document it receives which is not properly filed with the Clerk or does not include a Certificate of Service.

8.   **ORDERS** that Defendants may file and serve on all parties any opposition (including any supporting documents) to Plaintiff's TRO motion by **November 3, 2022**. No oral argument will be necessary, unless ordered by the Court.

//

//

//

//

9.      **DIRECTS** the Clerk of Court to mail a copy of this Order to CDCR Office of Legal Affairs, P.O. Box 942882, Sacramento, California 94283-0001

**IT IS SO ORDERED**.

Dated: October 20, 2022

_____
Hon. Robert S. Huie
United States District Judge